UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHAEL F. SABITONI,
As Trustee of the Rhode Island Laborers
Health Fund; the Rhode Island Laborers'
Pension Fund; the New England Laborers'
Training Trust Fund; the New England
Laborers' Labor Management
Cooperation/Trust Fund; the New England
Laborers' Health & Safety Fund; the Rhode
Island Laborers' Unified Trust Fund; the
Rhode Island Laborers' Annuity Fund;
the Rhode Island Laborers' Legal Services
Fund; the Rhode Island Construction
Industry Advancement Fund; and the
RHODE ISLAND LABORERS' DISTRICT
COUNCIL OF THE LABORERS'
INTERNATIONAL UNION OF
NORTH AMERICA, AFL-CIO,

v.                                                                                  C.A. No. 18-

NORTHEAST SERVICES, INC.

## VERIFIED COMPLAINT

1. Plaintiff, Michael F. Sabitoni, a duly appointed Trustee of the Rhode Island Laborers' Employee Benefit Funds, ("Plaintiff Funds"), which are unincorporated associations having their principal offices in the City of Cranston, County of Providence and State of Rhode Island, brings this suit in his capacity as Trustee for the above named Funds.

2. Plaintiff, Rhode Island Laborers' District Council of the Laborers' International Union of North America, AFL-CIO ("Plaintiff Union"), acting on behalf of Local Unions #15, Westerly, Rhode Island; #271, Providence, Rhode Island; and #673, Newport, Rhode Island, is an unincorporated association having its principal office in the City of Providence, State of Rhode Island, and brings this suit in its own name.

3. Defendant, Northeast Services, Inc. ("Defendant"), is a Rhode Island domestic profit corporation with its principal office in Woonsocket, Rhode Island.

4. Plaintiff Funds bring this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and, more specifically, 29 U.S.C. § 1145, to collect unpaid contributions to Plaintiff Funds, the interest due and owing on the unpaid contributions in addition to the interest due and owing on delinquent contributions paid to the fund to Plaintiff Funds by Defendant.

5. Plaintiff Union brings this action pursuant to the National Labor Relations Act, as amended, 29 U.S.C. § 185.

## JURISDICTION

6. This Court has jurisdiction to hear this matter pursuant to ERISA, 29 U.S.C. § 1132(e)(1) and (2) and the National Labor Relations Act, as amended, 29 U.S.C. § 185(a) and (c). Plaintiff Funds are duly organized and recognized Trust Funds under 29 U.S.C. § 1002 and the Trustee of the Funds is empowered to bring this action pursuant to 29 U.S.C. § 1132(a)(3). Plaintiff Union is empowered to bring this action pursuant to 29 U.S.C. § 185(b).

## STATEMENT OF FACTS

7. Plaintiff Union entered into a collective bargaining agreement, the "Rhode Island Statewide Building and Site Construction Agreement," with the Rhode Island Chapter, Associated General Contractors of America, Inc., Labor Relations Division ("Association"), effective June 1, 2013 through May 31, 2018 ("Agreement"). A copy of the Agreement is attached as **Exhibit A**.

8. Defendant is a party to the Agreement in that Plaintiff Union provided Defendant with Union members who performed work for Defendant, and who were employees of Defendant pursuant to the terms and conditions of the Agreement, which was in effect at times

pertinent to this action, and in that Defendant has been and remains a signatory to the Agreement pursuant to the Acceptance of Agreements and Declaration of Trust it executed on September 7, 2007. A copy of each of the Acceptance of Agreements and Declaration of Trust is attached as **Exhibit B**.

## COUNT I

9. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

### Defendant's Obligations Under the Agreement

10. Pursuant to the Agreement, Defendant agreed, under Article IX, to pay nine dollars and twenty cents ($9.20) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Health Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

11. Pursuant to the Agreement, Defendant agreed, under Article X, to pay six dollars and ten cents ($6.10) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Pension Fund, a defined benefit pension plan, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

12. Pursuant to the Agreement, Defendant agreed, under Article XI, to pay seventy cents (70¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Training Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

13. Pursuant to the Agreement, Defendant agreed, under Article XI B, to pay fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Labor-Management Cooperation/Trust Fund, said payments to be made

not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

14. Pursuant to the First Agreement, Defendant agreed, under Article XI C, to pay fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Health & Safety Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

15. Pursuant to the Agreement, Defendant agreed, under Article XI D, to pay one dollar and seventy-five cents ($1.75) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Unified Trust Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

16. Pursuant to the Agreement, Defendant agreed, under Article XII, to pay five cents (5¢) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Legal Services Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

17. Pursuant to the Agreement, Defendant also agreed, under Article XIII, to pay four dollars ($4.00) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Annuity Fund, a qualified defined contribution plan, said payments to be made not later than the twentieth (20th) day of each month for all hours worked by said employees.

18. Pursuant to the Agreement, Defendant agreed, under Article XIV, to pay twenty-five (25¢) cents per hour worked by each employee covered by the terms of the Agreement to the

Rhode Island Construction Industry Advancement Fund, said payments to be made not later than the twentieth (20th) day of each and every month for all hours worked by said employees.

19. Pursuant to the Agreement, Defendant agreed, under Article XV, to deduct ninety-five (95¢) cents per hour worked from the wages of each employee who was or became a member of Plaintiff Union and who authorized said deductions in writing in accordance with the Agreement, and to pay said deducted amounts to Plaintiff Union.

## Unpaid Contributions and Dues Payments for 2017 and 2018

20. In the months of March, May, June, July, August, October, November, and December of 2017 and January 2018 Defendant failed to file contribution reports and to make any contributions to Plaintiff Funds and dues payments to Plaintiff Union as required under the Agreement.

21. As a result of Defendant's failure and/or neglect and/or refusal to remit the contributions and payments which it owes to date for the months of March, May, June, July, August, October, November, and December of 2017 and January 2018, Plaintiff Funds and Plaintiff Union have incurred substantial costs.

## Interest Owed on Late and Unpaid Contributions and Dues Payments

22. As a signatory bound by the terms of the Agreement, *see* Exhibit A, Defendant was, and continues to be, obligated to make timely contributions to Plaintiff Funds on behalf of its employees who are members of Plaintiff Union, and is subject to interest charged by the trustees of the Plaintiff Funds for its late contributions.

23. Effective January 29, 2010, Plaintiff Funds began to charge interest on all required remittances from all employers signatory to collective bargaining agreements with Plaintiff Union, meaning contributions and/or dues payments to the Plaintiff Union deemed delinquent would begin accruing interest at a rate of 6.0% per year (.5% per month).

24. At various times between July 2015 and May 2018, Defendant failed to timely file contribution reports and to make timely contributions to Plaintiff Funds as required under the Agreement. Defendant failed to pay the **$627.48**, representing the interest which it owes, to date, on its late contributions and to Plaintiff Funds and its late payments to Plaintiff Union for authorized payroll deductions for union dues.

25. As a result of Defendant's failure and/or neglect and/or refusal to remit the interest which it owes to date on its late contributions and payments for the period July 2015 through May 2018, Plaintiff Funds and Plaintiff Union have incurred substantial costs.

26. At all times, Plaintiff Funds and Plaintiff Union have duly performed their obligations under the Agreement with Defendant.

27. Plaintiff Funds and Plaintiff Union, through their representatives, have made repeated demands, without success, upon Defendant requesting the contributions and payments owed them pursuant to the Agreement.

28. Defendant has failed and/or refused to pay said delinquencies and thus has breached its Agreement with Plaintiff Funds and Plaintiff Union.

29. Pursuant to Article XVI of the Agreement, employers who are delinquent in their payments to Plaintiff Funds are subject to withdrawal of the privilege of employing union members under the terms of the Agreement, with no lost wages to union members so withdrawn, and are further subject to other remedies, including, but not limited to: payment of all costs associated with the collection of delinquent payments, including attorneys' fees; 10% interest on delinquent contributions; and, liquidated damages assessed at 20% of the amount of the delinquency.

WHEREFORE, Plaintiff Funds demand judgment and damages, pursuant to 29 U.S.C. §1132(g), against Defendant in an amount to reflect the unpaid contributions, interest on the unpaid contributions, set at the rate of 10% (pursuant to Art. XVI of the Agreement), liquidated damages assessed at 20% of the amount of the delinquency, attorneys' fees and costs, including the cost of auditing defendant's payroll, and such other legal and equitable relief as the Court may deem appropriate.

## COUNT II

30. Plaintiff Union incorporates all the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Defendant and Plaintiff Union are signatories to the Agreement attached hereto as Exhibit A.

32. Defendant, by failing and/or refusing to remit payments for contributions and for interest owed on the unpaid contributions and payments to Plaintiff Union, Defendant has breached the terms of the Agreement, including, but not limited to, those Articles enumerated in Count I and the provisions contained therein.

33. At all times, Plaintiff Union has duly performed its obligations under the Agreement.

WHEREFORE, Plaintiff Union demands judgment and damages against Defendant, in an amount to reflect the unpaid contributions, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, and such other relief as the Court may deem appropriate.

Dated: Providence, Rhode Island
July 20, 2018

                MICHAEL F. SABITONI, et al.
                By their Attorneys,

                /s/ Robert P. Brooks
                ROBERT P. BROOKS (#3721)
                rbrooks@apslaw.com
                ALI KHORSAND (#8084)
                akhorsand@apslaw.com
                ADLER POLLOCK & SHEEHAN P.C.
                One Citizens Plaza, 8th Floor
                Providence, RI 02903-1345
                Tel: (401) 274-7200
                Fax: (401) 751-0604

I, Michael F. Sabitoni, Trustee for the aforementioned Funds and duly authorized representative for the aforementioned Union Locals, hereby certify that I have read the above Complaint, and that all of the representations herein are true and accurate to the best of my knowledge and belief.

_____
Michael F. Sabitoni

Subscribed and sworn to before me by said Michael F. Sabitoni on this 19th day of July, 2018.

_____
Notary Public Robert P. Brooks
My commission expires 7/13/22

9

914599.v1